IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |  |
|---|---|---|
| RICHARD SMEGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CV-3177 |
| | ) | |
| LARRY J. PHILLIPS, et al., | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION

    The plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues a claim for deliberate indifference to his serious medical need for treatment for his mental disorder, and a claim for retaliation for the exercise of his First Amendment rights. The case is set for a final pretrial conference on April 8 and a jury trial on April 15, 2013.

    The plaintiff, through his appointed counsel (students from the University of Illinois Law School Civil Rights Clinic), moves for sanctions based on the defendants' failure to provide expert reports. The defendants respond that they do not believe that written reports are required because these individuals will be testifying based on their personal interactions with Plaintiff.

    Much of the testimony that will be offered by these individuals does not appear to be expert testimony which requires a Rule 26(a)(2)(B) report. Certainly the three defendants can explain why their decision to keep the plaintiff in the same treatment group was an exercise of their professional judgment within accepted standards. <u>EEOC v. Autozone, Inc.</u>, 707 F.3d 824 (7th Cir. 2013)(expert report not required "if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation.") Similarly, testimony of the nonparty experts would be admissible if their testimony is based on their own personal interactions with Plaintiff and their professional opinions formed during those interactions.

On this record, the plaintiff's motion to exclude the testimony will be denied because the Court cannot conclude that the experts will be testifying to anything other than their personal knowledge of the events in this case and the rehabilitation program in general. However, the plaintiff may renew his objection at trial and ask for a hearing outside the jury under Federal Rule of Evidence 104. The Court will be able to make a more informed decision after hearing the witness' expected testimony.

The plaintiff has also moved for partial summary judgment, offering evidence that the defendants substantially departed from accepted professional judgment when they refused to transfer the plaintiff to a different therapy group, after the plaintiff reported that another resident in the group had grabbed the plaintiff's penis and tried to digitally penetrate the plaintiff.

The defendants' response is not due until April 8th, but a response is not necessary. The plaintiff's motion fails to demonstrate the absence of a material dispute. As discussed above, the defendants are competent to testify to the reasons for their decisions, which will tend to negate an inference of deliberate indifference. The plaintiff's expert will testify otherwise, but that only demonstrates the existence of a material dispute, not the absence of one.

IT IS ORDERED:

1) The plaintiff's motion for sanctions is denied (d/e 153).

2) The plaintiff's motion for partial summary judgment is denied (d/e 157).

3) The agreed, proposed final pretrial order is due April 4, 2013.

4) The clerk is directed to issue a video writ to secure the plaintiff's presence at the final pretrial conference.

ENTER:  3/21/13

                                     s/**Harold A. Baker**

                                    HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE